By the Court
We do not doubt that when one who is appointed executor of the will, or administrator of the estate of a deceased person, and accepts the trust, being at the time indebted to the estate, such indebtedness at once becomes assets in his possession, and are treated as so much money received. This has been repeatedly held by this court and is not in controversy in this case.
The plaintiff in error commenced his action in the lower court, relying on the provisions of section 6020, Revised Statutes, which reads:
“An administrator or executor appointed in the place of an administrator or executor who has resigned, been removed, or whose letters have been revoked or authority extinguished, shall be entitled to the possession of all the personal effects and assets of the*estate unadministered, and may maintain a suit *117 against the former executor or administrator, and' his sureties on administration bond, for the same, and for all damages arising from the maladministration or omission of the former executor or administrator.”
In this case the facts show that William R. Willis, executor of the will of James M. Willis, died while in office and before any settlement account was due or filed. The will appointing him, as executor, directed that no bond be given and none was given. When we undertake to apply section 6020 to the facts plead in the petition, it appears to us quite clear, that it does not support the plaintiff’s claim and right of action.
The defendant, James Madison Willis, is the personal representative of William R. Willis, the executor who died.
Section 6020 confers upon the successor of an executor or administrator, “who has resigned, been removed, or whose letters have been revoked, or authority extinguished, a right to the “possession of all the personal effects and assets of the estate unadministered,” and also confers upon such successor the right to bring and maintain a suit against the “former executor, or administrator and his sureties on administration bond, .for the saíne,” etc. But this action is not against the former executor or administrator and his sureties on a bond; but is brought against the personal representative of such executor, who never had custody or possession of the assets in question.
We are of opinion that section 6020 does not cover the plaintiff’s case and does not authorize the present action. We believe that according to the wording'of tllis section the cases of Tracy v. Card, 2 Ohio St., 431, and Curtis v. Lynch, 19 Ohio St., 392, still have con *118 trolling effect on the facts in this case. The petition .failed to show a right to recover in the plaintiff. The ‘demurrer to the petition was well taken and should 'have been sustained by the common pleas.
The judgment of the circuit court is affirmed.

Affirmed.

Burket, Davis and Price, J.J., concur.